UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
BEVERLY STANDING
a/k/a BEV STANDING,

                              Plaintiff,         : **COMPLAINT**

              -against-

                                                : 7:21-cv-4033

BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK

                              Defendants.
----------------------------------------------------------------------- X

                Plaintiff Beverly Standing a/k/a Bev Standing ( "Plaintiff), for her complaint against Defendant BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK ("Defendants") alleges as follows:

### NATURE OF THE ACTION and FACTUAL BACKGROUND

       1.      This is a civil action for injunctive relief and damages for violation of Plaintiff's right of publicity, the Lanham Act, 15 U.S.C. § 1051, *et seq.,* common law unfair competition, and New York General Business Law § 349, et seq.

       2.      Plaintiff is a voice over actor and is well known in the voice over industry. Plaintiff's voice and likeness are well-known both in this country and abroad.

       3.      Defendants, BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK is a social networking service and social media platform. It is generally used to make short-form videos of one minute in length or less.  Among a variety of features available through the platform, a user is able to add a computer generated voice to play during the user's uploaded

videos. These videos, including any computer generated voices, are available for consumption by the millions of TikTok users worldwide.

4. Several years ago, Plaintiff was hired by the Institute of Acoustics to perform voice work purportedly for Chinese translations.

5. The Institute of Acoustics is a company based out of Edenborough Scotland, but upon information and belief, a company from China contracted with The Institute of Acoustics.

6. Plaintiff's work for the Institute of Acoustics related to "text to speech" and artificial intelligence technology and resulted in the Institute of Acoustics' acquisition of electronic data files of Plaintiff's voice that were recorded on Plaintiff's equipment.

7. Plaintiff did not have a contract with the Institute of Acoustics permitting it to transfer that data to any other person or entity for later use.

8. During November of 2020, Plaintiff discovered that her electronic voice files were acquired by Defendant which is using Plaintiff's voice as the female computer generated voice of TikTok.

9. Although the voice and likeness are Plaintiff, the TikTok user is able to determine what words are spoken in Plaintiff's voice and some videos depicting Plaintiff's voice have involved foul and offensive language.

10. Plaintiff was not compensated for the use of her voice and likeness and never gave permission for Defendant to use her voice and likeness to Defendant.

11. Defendants have unlawfully used Plaintiff's voice and likeness in connection with the services of TikTok resulting in irreparable harm to Plaintiff. Defendants' conduct ignores Plaintiff's right of publicity, violates the Lanham Act, and constitutes unfair competition and deceptive trade practices in accordance with New York General Business Law §

349, *et seq.* Unless Defendants are enjoined, Plaintiff will continue to suffer irreparable and permanent harm.

## THE PARTIES

12. Plaintiff is a Canadian citizen who resides in Welland, Ontario Canada.

13. On information and belief, Defendant BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK is a duly authorized domestic corporation registered to conduct business in the State of New York and maintains registered agents Xianxi Liu of 118 New Main Street Yonkers, New York and Corporation Service Company of 80 State Street Albany, New York and transacts substantial business in this judicial district.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

14. This Court has personal jurisdiction over Defendants pursuant to New York CPLR §§ 301 and 302(a)(1)-(3) because Defendants are registered in New York and conducts substantial business within the State of New York related to the unlawful activities at issue in this Complaint, and because the harm suffered by Plaintiff within this State flows directly from such business conducted by defendants.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant's main office is located in Westchester County, New York.

### Irreparable Harm to Plaintiff

16. As a direct consequence of Defendants' unauthorized conduct, Plaintiff has suffered significant injury and irreparable harm.

17. Plaintiff has invested substantial effort in preserving, protecting, and honing her reputation, and has amassed substantial goodwill and a favorable reputation during her career. By misappropriating Plaintiff's voice and likeness, Defendants have not only traded on Plaintiff's earned goodwill, but are also depriving the Defendant of the ability to control her reputation.

18. If Defendants are not enjoined from misappropriating and continuing to disseminate Plaintiff's voice and likeness, Plaintiff will continue to suffer irreparable harm.

19. Because Plaintiff's reputation will be irreparably harmed if Defendants are not enjoined, money damages cannot sufficiently compensate Plaintiff for the damage caused by Defendants' unauthorized acts.

20. In contrast, Defendants will not suffer any cognizable or irreparable injury if they are enjoined.

### The Voice Files are Proper Subject for Copyright Protection

21. Federal copyright protection, as defined by 17 U.S.C. §102(a), is available for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."

22. This statutory requirement has been distilled into two required elements: (1) originality and (2) fixation.

23. The Supreme Court has set a low bar for originality. In *Feist Publications, Inc. v. Rural Tel. Serv. Co.* the Court stated that "[o]riginal, as the term is used in copyright, means only that the work was independently created

by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." 499 U.S. 340, 345 (1991). The Court went on to state that the "vast majority of works make the grade quite easily, as they possess some creative spark." *Id.*

24. The copyrighted voice files easily satisfy this standard for originality. The various designs were created by Plaintiff who has subsequently copyrighted this material. The stylization and artistic nature of the voice files is certainly sufficient to satisfy the "minimal degree of creativity" requirement. *Feist Publications, Inc.*, 499 U.S. at 345.

25. The copyrighted voice files also satisfy the fixation requirement. The definitions section of the Copyright Act provides that "A work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. §101. The copyrighted voice files are electronically stored and permanent unless deleted, clearly stable and able to be perceived for much more than a transitory duration.

26. Additionally, to be copyrightable, a subject must qualify as a "work" under the Copyright Act. 17 U.S.C. §102(a) lists eight works-of-authorship categories. Of those eight categories, tattoos are protected as copyrightable under the seventh, which covers "sound recordings." 17 U.S.C. §102(a)(7).

27. The definitions section of the Copyright Act provides that "sound recordings" are "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture

or other audiovisual work, regardless of the nature of the material objects, such as disks, tapes, or other phonorecords, in which they are embodied." 17 U.S.C. §101.

## COUNT I

### Right of Publicity

28. Plaintiff incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 20 above.

29. Defendants have engaged in the unlawful and unauthorized use of Plaintiff's image and likeness in connection with the services of BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK. Plaintiff's right of publicity has been breached and violated because her likeness has been published, on the Internet, and in connection with Defendants' services, without her consent.

30. As a result of Defendants' conduct, Plaintiff has suffered substantial harm, including but are not limited to: (1) the emotional distress of having her likeness exploited without Plaintiff's consent; (2) Plaintiff's loss of the ability to control the dissemination of her likeness; and (3) Plaintiff's loss of the ability to control the association of her likeness.

31. A causal connection exists between the use of Plaintiff's likeness by Defendants, and the damages suffered by Plaintiff. The damages suffered by Plaintiff are the logical, direct, and immediate consequence of Defendants' actions.

32. Unless Defendants are enjoined from continuing the aforementioned unlawful acts, Plaintiff will continue to suffer irreparable harm.

## COUNT II

### Unfair Competition/False Endorsement Under the Lanham Act
### (15 U.S.C. 4 1125(a)(1)(A))

33. Plaintiff incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 25 above.

34. Defendants have engaged in the unlawful and unauthorized use of Plaintiff's likeness in interstate commerce in connection with the promotion, advertising, and sale of their services. Defendants have conveyed the false and misleading representation to the public that Plaintiff (a) endorses, sponsors, and approves of the goods, products, and services associated with the Defendant and otherwise acquiesces in or agrees to the use of her image and likeness in connection with the Defendant's services; and (b) is affiliated with the Defendant and the Unauthorized Services.

35. Defendants' conduct, as described above, was deliberate and willful, has created and will create a likelihood of confusion, mistake, and deception, as well as wrongly implied and misrepresented, that Plaintiff endorsed, sponsored, or otherwise was and is affiliated with the Defendant's services, all to the commercial benefit of Defendants and the detriment of the Plaintiff.

36. Consumer confusion will occur if Defendants continue to use Plaintiff's image and likeness. Defendants intentionally or with reckless disregard adopted the use of Plaintiff's likeness in order to exploit the goodwill and reputation of Plaintiff.

37. Defendants' unauthorized use of Plaintiff's name, image, and likeness on and in connection with their services in interstate commerce in the United States constitutes a false representation and endorsement as to affiliation, sponsorship, endorsement, license, or other authorization of Plaintiff with respect to her name and likeness, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

38. As a result of Defendants' conduct, Plaintiff has suffered substantial harm.

39. Unless Defendants are enjoined from continuing the aforementioned unlawful acts, Plaintiff will continue to suffer irreparable harm.

## COUNT III

### Common Law Unfair Competition

40. Plaintiff incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 39 above.

41. Defendants' unauthorized use of Plaintiff's image and likeness has allowed Defendants to falsely suggest to the public that the Services of BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK are sponsored by or otherwise affiliated with Plaintiff when, in fact, they are not.

42. Defendants have engaged in such acts intentionally or with reckless disregard for whether the public is confused and deceived regarding the nature, approval, sponsorship, endorsement, and/or authorization by Plaintiff.

43. Defendants' unauthorized use is likely to cause confusion, mistake, and deception among consumers.

44. Defendants intentionally adopted the use of Plaintiff's likeness to exploit the goodwill and reputation of Plaintiff.

45. Defendants' conduct constitutes unfair competition and was deliberate, willful, and intended to exploit unlawfully the goodwill and reputation associated with Plaintiff and her likeness, for the economic and commercial benefit of Defendants, and to the economic harm of Plaintiff.

46. As a result of Defendants' conduct, Plaintiff has suffered substantial harm.

47. Unless Defendants are enjoined from continuing the aforementioned unlawful acts, Plaintiff will continue to suffer irreparable harm.

## COUNT IV

### Violation of N.Y. General Business Law Section 4 349

48. Plaintiff incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 47 above.

49. Defendants' unauthorized use of Plaintiff's image and likeness constitutes a deceptive trade practice in that it creates the false impression that Plaintiff has endorsed and/or is affiliated with the services of BYTEDANCE, E-COMMERCE, INC d/b/a TIKTOK misleading the public in violation of the New York General Business Law § 349 *et seq*.

50. Defendants acts and practices of improperly and unlawfully using Plaintiff's image and likeness in connection with the promotion, advertisement, and sale of the services of BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK are consumer-oriented and are misleading in a material way to a reasonable consumer acting reasonably under the circumstances.

51. As a result of Defendants' conduct, Plaintiff has suffered substantial harm.

## COUNT V

### Permanent Injunctive Relief

52. Plaintiff incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 51 above.

53. Defendants are and continue to engage in the unlawful conduct set forth in this Complaint. Unless restrained and enjoined, Defendants will continue to engage in such unlawful conduct.

54. Defendants' unauthorized use of Plaintiff's image and likeness has caused Plaintiff irreparable injury. Plaintiff has invested substantial effort in preserving, protecting, and honing her reputation, and has amassed substantial goodwill and a favorable reputation during his career. By misappropriating Plaintiff's image and likeness, Defendants have not only traded on Plaintiff's earned goodwill, but are also depriving the Defendant of the ability to control her reputation.

55. Plaintiff has no adequate remedy at law, rendering equitable relief appropriate in that damages cannot compensate Plaintiff for the injuries she suffered.

56. In balancing the hardships between Plaintiff and Defendants, a remedy in equity is warranted.

57. Furthermore, because the public has an interest in not being deceived, the public interest would be served by a permanent injunction restraining Defendants' unauthorized use of Plaintiffs image and likeness in connection with all services of BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK.

## COUNT VI
### Copyright Infringement, 17 U.S.C. §§ 106(5) AND 501)

58. Plaintiff hereby re-alleges the allegations contained in the above paragraphs 1 through 57 as if fully set forth herein and state as follows:

59. This is a count of Copyright Infringement against Defendants BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK.

60. Through their conduct averred in the previous paragraphs,

Defendants have infringed Plaintiff's copyrights in their works by publicly displaying the Plaintiff's copyrighted works without authorization and in violation of 17 U.S.C. §§106(5) and 501.

61. Each infringement by Defendants of Plaintiff's protected copyrighted works creates an independent act of infringement.

62. Defendants' acts of infringement were made after a good faith attempt to negotiate licensing by the Plaintiff, and as such Defendants acted with willful disregard for the Plaintiff's rights. See Exhibits A-B. Since the copyright infringement by the Defendants caused direct and proximate harm to the Plaintiff, the Plaintiff is entitled to damages in an amount to be determined at trial.

63. In the alternative, the Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) in the amount of $150,000 per infringement. Pursuant to 17 U.S.C. § 505, the Plaintiff is entitled to recover its full costs and reasonable attorney's fees.

64. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained and will continue to sustain immediate, substantial, and irreparable injury, for which there is no adequate remedy at law. Based upon their history of refusal to respect the rights of the Plaintiff, unless this Court enjoins their actions, the Defendants will continue to infringe upon the Plaintiff's valid intellectual property rights in the copyrighted tattoo designs. As such, the Plaintiff is entitled to preliminary and permanent injunctive relief.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Beverly Standing a/k/a Bev Standing demands judgment against the Defendants as follows:

(1) Adjudging that Defendants violated Plaintiff's right of publicity;

(2) Adjudging that Defendants made the false and misleading representation to the public that Plaintiff (a) endorses, sponsors, and approves of the goods, products, and services associated with the Defendant BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK and otherwise acquiesces in or agrees to the use of his image and likeness in connection with their services; and (b) is affiliated with the BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK platform, in violation of the Lanham Act, 15 U.S.C. § 1125(a);

(3) Adjudging that Defendants engaged in unfair competition by misappropriating Plaintiff's image and likeness in conjunction with the newsletter and the services of BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK;

(4) Adjudging that Defendants unauthorized use of Plaintiff's image and likeness constitutes a deceptive trade practice in accordance with New York General Business Law § 349 *et seq.;*

(5) Preliminarily and permanently enjoining Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, from using, disclosing, disseminating, posting, displaying, sharing, distributing, copying, advertising, or selling, in any manner whatsoever, (i) all services of BYTEDANCE E-COMMERCE, INC d/b/a TIKTOK and (ii) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from Plaintiff's image and likeness;

(6) Preliminarily and permanently ordering Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with

Defendants, to immediately and permanently dispose of: (i) all copies of the unauthorized usage; and (ii) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from Plaintiff's image and likeness;

(7) Preliminarily ordering Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, to turn over to the Court any proceeds that Defendants have received as a result of their misappropriation and use of Plaintiff's image and likeness, such proceeds to be held in constructive trust until the conclusion of this litigation;

(8) Awarding Plaintiff damages in connection with Counts I, III, and IV in an amount to be determined at trial;

(9) Awarding Plaintiff restitution for Defendant's past and unauthorized use;

(10) Awarding Plaintiff damages in accordance with 15 U.S.C. § 1117 (Lanham Act);

(11) Pre-judgment and post-judgment interest;

(12) Awarding Plaintiff attorneys' fees, costs, and disbursements pursuant to 15 U.S.C. §1117 (Lanham Act);

White Plains, New York
May 5, 2021

                                        Respectfully submitted.
                                        ROBERT J. SCIGLIMPAGLIA, JR.

                                        By_____
                                          Robert J. Sciglimpaglia, Jr.
                                          RJS4156
                                          101 Merritt 7, Suite 300
                                          Norwalk, CT 06851
                                          (203) 663-2803
                                          Attorney for Beverly Standing