

1251 Sixth Ave
21st Floor
New York, NY 10020

**Elizabeth A. McNamara**

Tel. 212.603.6437
Fax 212.489.8340
lizmcnamara@dwt.com

July 7, 2021

**Via ECF**
The Honorable Kenneth M. Karas
United States District Court
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

    Re:    *Standing v. ByteDance Inc. and Bytedance E-Commerce, Inc., et al.*,
            No. 7:21-cv-04033-KMK (S.D.N.Y. 2021)

Dear Judge Karas:

    Pursuant to Rule II.A of the Court's Individual Rules, Defendant ByteDance Inc. ("ByteDance") requests a pre-motion conference to move for an order dismissing Plaintiff Beverly Standing's First Amended Complaint (ECF No. 9, "FAC") under Fed. R. Civ. P. 12(b)(6). Defendant is a U.S. subsidiary of ByteDance Ltd. A different U.S. subsidiary of ByteDance Ltd., TikTok Inc., is the provider of TikTok, an entertainment platform where users create and share information, ideas, and entertainment in the form of short videos. As alleged in the FAC, a text to speech feature of the TikTok platform allows users to type words to be spoken by an automated voice in their videos (the "TTS" feature). Plaintiff, a Canadian voice actress, alleges she was hired by the Institute of Acoustics to create voice recordings to be used in "text to speech," "artificial intelligence technology," and "Chinese translations." FAC ¶¶ 4-6. In November 2020, Plaintiff allegedly discovered that an automated voice used in the TTS feature appeared to sound like her own and concluded that the feature was based on the voice recordings she was hired to record.

    Plaintiff filed this action[1] on May 5, 2021 and filed the FAC on May 11, improperly naming ByteDance as a Defendant, since ByteDance Inc. is not the provider of TikTok. The FAC asserts that Defendant infringes Plaintiff's alleged copyright in these voice recordings and based on this alleged use of the voice recordings to create TikTok videos, also claims a violation of the right of publicity, false endorsement under the Lanham Act, common law unfair competition, violation of N.Y. General Business Law Section 349, and seeks "permanent injunctive relief." *Id*. ¶¶ 28-64. Plaintiff's copyright claim fails as a matter of law. Her remaining claims are preempted by the Copyright Act and independently fail on other grounds.

    I.    <u>**Plaintiff's Copyright Claim Fails Because She Does Not Have a Registration.**</u>

    Plaintiff fails to allege a copyright registration for the voice files. This fact alone disposes of her claim because the "Copyright Act . . . requires copyright holders to register their works

---

[1] Plaintiff also named an entity identified as "ByteDance E-Commerce, Inc. d/b/a TikTok." That entity, if it exists, is not affiliated with Defendant ByteDance or the TikTok business.

Hon. Kenneth M. Karas
July 7, 2021
Page 2

*before* suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (emphasis added). Filing an application for registration is not sufficient; a plaintiff must have received a registration from the Copyright Office in order to assert a claim. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019). Because Plaintiff does not plead a valid copyright registration for the voice files at issue prior to filing this lawsuit (or any other legal basis that would permit her to maintain this suit in the absence of such a registration), the Court should dismiss her claim for copyright infringement.

## II. Plaintiff's Right of Publicity and Lanham Act Claims Are Preempted by the Copyright Act and Independently Fail as a Matter of Law.

Plaintiff's right of publicity and Lanham Act claims are subject to dismissal for multiple reasons. *First*, the right of publicity claim is statutorily preempted by the Copyright Act. When a right of publicity claim focuses on a defendant's "use of a work that falls within the 'subject matter of copyright' and . . . asserts rights that are sufficiently equivalent to the rights protected by federal copyright law," it is preempted by § 301 of the Act. *In re Jackson*, 972 F.3d 25, 54 (2d Cir. 2020). Plaintiff's right of publicity claim falls within the subject matter of copyright because the "gravamen and focus of the claim [is on ByteDance's alleged] use of the [voice recordings], *not* [ByteDance's] incidental use of [Plaintiff's] likeness . . . ." *Id.* at 50. Indeed, the TTS feature simply creates a generic computerized voice and in no way capitalizes on Plaintiff's identity to increase views. Thus, the claim is sufficiently equivalent to Plaintiff's copyright claim, as it arises from the alleged misuse of her copyrightable voice recordings and is "in no meaningful fashion distinguishable from infringement of a copyright." *Melendez v. Sirius XM Radio, Inc.*, No. 1:20-cv-6620-PAC, 2021 WL 2593471 (S.D.N.Y. June 24, 2021) (claim arising from defendant's rebroadcasting of plaintiff's radio recordings dismissed as preempted).

*Second*, Plaintiff's right of publicity claim fails because she does not plausibly allege any commercial use of her voice.[2] Under Canadian common law,[3] an "essential element of [appropriation of personality, the Canadian equivalent of right of publicity] is that the defendant is using the plaintiff's image for its own commercial benefit"—*i.e.*, in an advertisement or similar use. § 12.2, Fox on Canadian Law of Trademarks and Unfair Competition, 4th Ed. *See, e.g.*, *Athans v. Canadian Adventure Camps Ltd.* ([1977] 17 O.R. (2d) 425, Can. Ont. H.C.J.) (use in advertising brochure). TikTok is a free platform, and Plaintiff does not plausibly allege that the free TTS function (which makes videos more accessible to disabled users) somehow uses her voice to advertise TikTok's services. And to the extent she is relying on videos created by TikTok *users* to support her claim, such videos are expressive works, and any voice elements incorporated into them through the TTS feature further the videos' creative message and meaning.[4]

*Third*, Plaintiff has not sufficiently alleged that her voice is recognizable to the public as associated with her, and a cursory review of any TikTok video using TTS shows that (as she

---

[2] In pleading the right of publicity claim, Plaintiff refers only to the use of her "image and likeness," not her voice. FAC ¶¶ 28-32. However, there are no facts alleged regarding use of Plaintiff's "image and likeness" in the FAC.
[3] Canadian common law applies because "New York courts must apply the law of the Plaintiff's domicile to right of publicity claims." *Cummings v. Soul Train Holdings LLC,* 67 F. Supp. 3d 599, 602 (S.D.N.Y. 2014). *See* FAC ¶ 12.
[4] Plaintiff's claims also fail as against ByteDance because § 230 of the Communications Decency Act precludes liability for individual user-generated videos posted to TikTok. *See, e.g.*, *Goddard v. Google, Inc.*, No. C 08-2738 JF(PVT), 2008 WL 5245490, at *3 (N.D. Cal. Dec. 17, 2008) ("providing third parties with neutral tools to create web content is considered to be squarely within the protections of § 230") (collecting cases).

Hon. Kenneth M. Karas
July 7, 2021
Page 3

alleges) it is a neutral, generic "female computer generated voice." FAC ¶ 8. *See, e.g.*, *Joseph v. Daniels*, 1986 CanLII 1106 (Can. B.C. S.C.) (denying misappropriation claim by male model over sale of images depicting his bare torso, finding that the torso was not sufficiently identifiable with the plaintiff so as to constitute a taking of his personality).

Plaintiff's Lanham Act claim fails for the same reasons, and more. *First*, where, as here, the underlying facts sound more in copyright than trademark, the trademark claim is preempted as duplicative of the copyright infringement claim and routinely dismissed. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003); *Oliveira v. Frito-Lay, Inc.*, 251 F.3d 56, 63 (2d Cir. 2001); *LMNOPI v. XYZ Films, LLC*, 449 F. Supp. 3d 86, 95 n.8 (E.D.N.Y. 2020). *Second*, Plaintiff's Lanham Act claim is barred by the First Amendment's protection of expressive works. *See Brown v. Showtime Networks, Inc.*, 394 F. Supp. 3d 418, 441 (S.D.N.Y. 2019) (Lanham Act trademark protections are "limited by the First Amendment, particularly if the product involved is an expressive work"). The Lanham Act is inapplicable to "artistic works" like TikTok videos as long as the use of the mark is (1) "artistically relevant" to the work and (2) not "explicitly misleading" as to the source of the work—*i.e.*, likely to confuse the public. *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). Here, Plaintiff does not plausibly allege that the TTS feature misleads the public into believing that she endorsed TikTok or the content of any TikTok videos. And given that the words spoken in Plaintiff's alleged "female computer voice" in any video are selected by the user (FAC ¶ 9), it is implausible that the public would conclude that Plaintiff **personally endorses** every video employing the TTS function.

### III. Plaintiff's Remaining Claims Are Preempted and Otherwise Fail as a Matter of Law.

Plaintiff's tag-along claims under New York law fare no better. The Copyright Act preempts Plaintiff's claims for unfair competition and for violation of New York's General Business Law § 349. *See Betty, Inc. v. PepsiCo, Inc.*, 283 F. Supp. 3d 154, 165 (S.D.N.Y. 2017) ("[a]lthough brought pursuant to state law, Plaintiff's claims 'assert[ ] rights equivalent to those protected within the general scope' of the Copyright Act, . . . . Courts regularly hold that state-law claims based on similar allegations are preempted by the Copyright Act").[5] And Plaintiff's Section 349 claim fails because New York courts do not recognize "consumer confusion" as a cognizable harm under Section 349. *See Mayes v. Summit Entm't Corp.*, 287 F. Supp. 3d 200, 205 (E.D.N.Y. 2018). Because Plaintiff bases her Section 349 claim solely on her allegation that the use of her voice recordings confuses consumers into thinking that she endorses TikTok videos (*see* FAC ¶¶ 48-51), she has failed to allege a plausible claim. *See Mayes*, 287 F. Supp. 3d at 211 ("the court can find no case in which a claim of false endorsement has been allowed to proceed under Section 349").

We look forward to discussing these issues further with Your Honor at the conference.

Respectfully submitted,

/s/ *Elizabeth A. McNamara*

---

[5] Plaintiff's claim for unfair competition also fails for the same reason as her Lanham Act claim. *See Yankee Publ'g Inc. v. News America Publ'g Inc.*, 809 F. Supp. 267, 282 (S.D.N.Y. 1992) ("the same First Amendment considerations that limit a cause of action under the Lanham Act apply also to a cause of action under New York law").